FILED
2012 Jan-09  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SHARON STRODE, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 7:11-cv-4145-LSC |
| | ) | |
| COUNTRY CASUALTY AND | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

### I.   Introduction.

Plaintiff Sharon Strode ("Strode"), a resident citizen of Greene County, Alabama, filed this action against Defendant in the Circuit Court of Greene County, Alabama.  Plaintiff seeks both compensatory and punitive damages from Defendant for breach of contract and bad faith refusal to pay under Alabama law.  Plaintiff did not seek a specific amount of damages in her complaint; however, she did state in her Motion to Remand that "[t]he amount in controversy in this lawsuit does not exceed $75,000 exclusive of interests and costs...." (Doc. 4, ¶ 10.)

Defendant removed the action to this Court on December 8, 2011, averring federal jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). Strode filed a motion to remand, contending that Defendant has not established the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 4.)  The issues raised in this motion have been briefed by the parties.  Upon full consideration and for the reasons set forth below, this Court finds that Plaintiff's Motion to Remand is due to be Granted.

## II.     Standard.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  For removal to be proper, the court must have subject-matter jurisdiction in the case.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Defendants bear the burden of establishing subject-matter jurisdiction.  *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

### III.   Analysis.

In order to exercise jurisdiction over an action pursuant to § 1332(a), this Court must assure itself that the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Plaintiff failed to demand a specific amount in her prayer for relief. "Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (*citing Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." *Id.*

"A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal. . . ." *Id.* at 751. "[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiff[ is] ultimately likely to recover." *Id.* (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)).

It is undisputed that Defendant issued a homeowners policy to Strode, which was in effect and provided certain loss coverage for Plaintiff's house and personal property. Plaintiff claims that her home was damaged on or about April 27, 2011 by a tornado or other storm with high winds. Plaintiff made a claim with Defendant for coverage of the damage to her home. Defendant subsequently denied Plaintiff's claim, stating that the damage to her home was not from April 27, 2011 but instead was from a previous storm upon which she had made a claim in 2008.

The Defendant has failed to point this Court to sufficient evidence of the damage to Plaintiff's home or evidence of the other circumstances that would demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs. For instance, this Court has no idea whether the damage to Plaintiff's home was the loss of a few shingles only or the destruction of the majority of the structure. For

this Court to conclude that the jurisdictional amount has been met would require it to make an unsupported guess—something that this Court cannot do.

## IV.  Conclusion.

For the reasons stated above, Plaintiff's Motion to Remand will be Granted. A separate order will be entered.

Done this <u>9th</u> day of <u>January, 2012</u>.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

[167037]